**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SERGIO DELLA ZASSA, | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | No. _____ |
| | : | |
| v. | : | |
| | : | |
| ADARE PHARMACEUTICALS, INC., | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendant | : | |
| | : | |

**COMPLAINT AND JURY DEMAND**

**I.   PREMLIMINARY STATEMENT**

1.   This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff, Sergio Della Zassa ("Plaintiff Della Zassa"), a former employee of Defendant, Adare Pharmaceuticals, Inc. ("Defendant") who has been harmed by the Defendant's unlawful employment practices.

2.   This action arises under the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. §260.1 et seq., and Pennsylvania common law.

**II.   JURISDICTION AND VENUE**

3.   This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is complete diversity and Plaintiff Della Zassa is seeking damages in excess of $75,000.00, exclusive of costs and interest.

4.   This Court may properly maintain personal jurisdiction over Defendant because its contacts with this State and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

1

5. Venue is properly laid in this district pursuant to 28 U.S.C. §1391 because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## III. PARTIES

6. Plaintiff Della Zassa is a forty-two (42) year old citizen of the Commonwealth of Pennsylvania, residing therein at 709 Haviland Drive, Bryn Mawr, Pennsylvania 19010.

7. Defendant is a corporation duly organized and existing under the laws of the State of Nevada, maintaining a place of business located at 7722 Dungan Road, Philadelphia, Pennsylvania 19111.

8. At all times relevant hereto, the Defendant acted through its agents, servants, and employees, who acted within the scope of their authority, course of employment, and under the direct control of the Defendant.

9. At all times material herein, the Defendant has been a "person" and "employer" as defined under the PWPCL, and has been, and is, subject to the provisions of said Act.

10. At all times material herein, Plaintiff Della Zassa has been an "employee" as defined under the PWPCL and has been, and is, entitled to the protections of said Act.

## IV. STATEMENT OF FACTS

11. Plaintiff Della Zassa was employed by the Defendant from in or about December of 2016 until on or about August 31, 2023, the date of his termination.

12. Upon commencing employment with the Defendant, Plaintiff Della Zassa held the position of Senior Director. As a result of his stellar work performance, Defendant steadily promoted Plaintiff Della Zassa, ultimately to the position of Vice President of Strategic Innovation and New Market Development for Defendant's Biome business. In that role, Plaintiff Della Zassa earned a salary of $304,500.00 per annum.

13. In late 2022, the Defendant sought to divest its Biome business and called upon Plaintiff Della Zassa's breadth of experience in the field to aid Defendant in its endeavors.

14. To protect Plaintiff Della Zassa from any potential employment disruption he could experience in connection with the divestment of the Biome business, on or about December 21, 2022, Plaintiff Della Zassa and Defendant entered into a contract whereby Defendant agreed to pay Plaintiff Della Zassa a severance equal to twelve (12) months' continuation of his base salary, paid biweekly in equal installments in the event that two (2) triggering events occurred:

(1) Adare closes a divestment of all or substantially all of the Biome business to a third party buyer ("Buyer") in calendar year 2023; and

(2) The Buyer does not retain Mr. Della Zassa's services after the divestment closing or, if the Buyer retains Mr. Della Zassa's services after the divestment closing, such engagement ends within ninety (90) days of the divestment closing.

(See Letter Agreement for Severance Payment(s), attached hereto as Exhibit "A").

15. Thereafter, on or about June 8, 2023, the Defendant entered into a sale and purchase agreement with DSM International B.V. ("DSM" or "Buyer"), whereby DSM acquired all of the assets of Defendant's Biome business.

16. On or about June 23, 2023, Josh Lubin ("Lubin"), Global Head of Human Resources for DSM, informed Plaintiff Della Zassa that DSM would not be offering him a permanent position in their organization, specifying that Plaintiff Della Zassa's role would be to "support on the customer handover process specifically with the Pet Food segment as well as any other integration activities that are identified by the Integration Management Office."

17. Lubin made clear to Plaintiff Della Zassa on said date that "this engagement would be throughout the summer months with the ambition that the handover/activities would be completed by the end of August." (See email from Josh Lubin to Sergio Della Zassa dated June 23, 2023, attached hereto as Exhibit "B").

18. On July 1, 2023, Defendant finalized the divestment of its Biome business to DSM.

19. Subsequently, on or about August 28, 2023, Yannick Riou ("Riou"), General Manager Petfood for DSM, advised Plaintiff Della Zassa that DSM would no longer require his services after August 31, 2023. (See email from Yannick Riou to Sergio Della Zassa dated August 28, 2023, attached hereto as Exhibit "C").

20. On or about September 5, 2023, Lubin confirmed to Plaintiff Della Zassa that DSM informed the Defendant that Plaintiff Della Zassa had completed all of his handover duties and responsibilities as of August 31, 2023. (See email from Josh Lubin to Sergio Della Zassa dated September 5, 2023, attached hereto as Exhibit "D").

21. In light of the above, it is clear that the two (2) requisite events have taken place, thereby triggering Defendant's contractual obligation to pay to Plaintiff Della Zassa the severance payment.

22. Despite Plaintiff Della Zassa's demands for payment, Defendant has failed and refused to pay to Plaintiff Della Zassa the severance payments contractually due and owed to him, in a blatant breach of Plaintiff Della Zassa's agreement with Defendant.

## COUNT I
### (PWPCL)
### Plaintiff Della Zassa v. the Defendant

23. Plaintiff Della Zassa incorporates by reference paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24. Despite Plaintiff Della Zassa's demands that Defendant pay to him the severance payments due and owed, the Defendant has refused and continues to refuse to make said payments to Plaintiff Della Zassa.

25.     The aforesaid severance payments due and owed to Plaintiff Della Zassa by the Defendant constitute "wages" under the PWPCL, and the actions of the Defendant, in refusing to pay said wages, constitutes a violation of the PWPCL.[1]

26.     In accordance with the PWPCL, in addition to the aforesaid compensation due and owed, Plaintiff Della Zassa is entitled to liquidated damages in an amount equal to twenty-five (25) percent of the compensation due and owed, or an additional $76,125.00, which he hereby claims of the Defendant.

27.     In further accordance with the PWPCL, Plaintiff Della Zassa is entitled to reasonable attorneys' fees in addition to costs associated with this action, which he hereby claims of the Defendant.

**COUNT II**
**(Breach of Contract)**
**Plaintiff Della Zassa v. the Defendant**

28.     Plaintiff Della Zassa incorporates by reference paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29.     Plaintiff Della Zassa had a contract with Defendant, as there was an offer, consideration, and acceptance.  As outlined above, it contained memorialized terms of severance payments.

30.     The actions of Defendant, in failing to pay to Plaintiff Della Zassa the aforesaid severance payments due and owed, constitute a breach of contract.

31.     Defendant has willfully and wrongfully breached the terms and conditions of the agreement entered into by and between the parties on December 21, 2022, as aforesaid, to the substantial financial detriment of Plaintiff Della Zassa.

---

[1] The PWPCL defines "wages" to include "fringe benefits or wage supplements."  See 43 P.S. §260.2a.  "Fringe benefits or wage supplements include all monetary employer payments to provide benefits under any employee benefit plan . . . 'as well as separation' pay." Id.

32.    As a direct and proximate result of Defendant's breach of the aforesaid agreement dated December 21, 2022, Plaintiff Della Zassa has suffered economic losses in the amount of $304,500.00, plus other legal and equitable damages for breach of contract.

## PRAYER FOR RELIEF

33.    Plaintiff Della Zassa incorporates by reference paragraphs 1 through 32 of this Complaint as though fully set forth herein.

**WHEREFORE**, Plaintiff Della Zassa requests that this Court enter judgment in his favor and against the Defendant, and Order that:

a.    Defendant compensate Plaintiff Della Zassa, reimburse Plaintiff Della Zassa, and make Plaintiff Della Zassa whole for any and all severance payments he would have received had it not been for Defendant's unlawful actions (including breach of contract), as aforesaid;

b.    Defendant pay to Plaintiff Della Zassa liquidated damages as permitted by applicable law;

c.    Defendant pay to Plaintiff Della Zassa other equitable and legal relief as the Court deems just, proper, and appropriate;

d.    Defendant pay to Plaintiff Della Zassa the costs and expenses of this action and reasonable attorneys' fees as provided by applicable law.

## JURY DEMAND

Plaintiff Della Zassa demands trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:    _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: November 3, 2023

## VERIFICATION

The undersigned states that the facts in the foregoing Complaint and Jury Demand are true and correct to the best of his knowledge, information and belief. The undersigned understands that any intentionally false statements herein are subject to criminal penalties relating to sworn and unsworn statements.

_Sergio Della Zassa_

Sergio Della Zassa

# Exhibit A

**ADARE**
PHARMA SOLUTIONS

December 21, 2022

Sergio Della Zassa
709 Haviland Drive
Bryn Mawr, PA  19010

**Re: Letter Agreement for Severance Payment(s)**

Dear Sergio,

As protection for potential employment disruption that you could experience in connection with a divestment of the Biome business in 2023, Adare will, subject to the triggering events below, provide to you a severance equal to twelve (12) months' continuation of your base salary, paid biweekly in equal installments on Adare's salary payment schedule and subject to applicable withholding taxes (the "Severance").

Adare will provide the Severance to you if, and only if, the following two triggering events both occur:

a) Adare closes a divestment of all or substantially all of the Biome business to a third party buyer (the "Buyer") in calendar year 2023; and

b) The Buyer does not retain your services after the divestment closing or, if the Buyer retains your services after the divestment closing (whether as an employee, consultant or in any other capacity), such engagement ends within ninety (90) days of the divestment closing.

The Severance will initiate on the date that both (a) and (b) above have occurred.  The Severance payments will cease, and will not be re-initiated, if and when you provide compensated services to the Buyer or any company within the Adare organization (whether as an employee, consultant or in any other capacity) during the Severance payment period.

Please acknowledge your acceptance of this letter agreement by signing below and returning a signed copy to me.

Sincerely,

Kristin Berkinsky
Adare Pharmaceuticals

Acknowledged and agreed:

Sergio Della Zassa

# Exhibit B

## Next Steps

Lubin, Josh <Josh.Lubin@dsm.com>
To ● Sergio Della Zassa
Cc ○ Barker, Gareth; ○ Riou, Yannick; ○ Isler, Dominique

ⓘ Follow up.  Start by Friday, June 23, 2023.  Due by Friday, June 23, 2023.
You forwarded this message on 8/31/2023 10:10 AM.

☺    ↩ Reply    ↩ Reply All    → Forward    [icon]    ⋯
Fri 6/23/2023 10:56 AM

[EXTERNAL EMAIL]

Classified Personnel Information

Dear Sergio,

As discussed today, I can confirm that dsm–firmenich will not be able to offer you a permanent position in the organization and appreciate your openness and understanding of the situation. Our intention would be that you could support on the customer handover process specifically with the Pet Food segment as well as any other integration activities that are identified by the Integration Management Office. This engagement would be throughout the summer months with the ambition that the handover/activities would be completed by the end of August.

Please discuss let me know the best scenario for you either through a Manpower Contract or continuing with Adare Pharma for the period with a TSA recharge.

Once again, thank you for your time and understanding.

Kind Regards

JL


**Josh Lubin**
Global Head Human Resources –  Health, Nutrition & Care (HNC)
M +41 78 759 83 30

## dsm-firmenich ●●●

This email, including any attachments, may be confidential and legally privileged. If you are not the intended recipient, please accept our apologies, and please do not disclose, copy, or distribute information in this email nor take any action in reliance on its contents: to do so is strictly prohibited and may be unlawful. Please inform us that this message has gone astray before deleting it. Thank you for your cooperation.

# Exhibit C

## Hand over activities Petfood



Riou, Yannick <Yannick.Riou@dsm.com>
To ● Sergio Della Zassa
Cc ○ Lubin, Josh; ○ Barker, Gareth



Mon 8/28/2023 5:25 PM

ⓘ Follow up.  Start by Monday, August 28, 2023.  Due by Monday, August 28, 2023.
You forwarded this message on 8/29/2023 9:37 AM.

**[EXTERNAL EMAIL]**

Confidential

Hi Sergio,

Thanks again for your support last week and more generally since early July and the closing of the acquisition of Adare Biome by dsm-firmenich. Your insights have been key to make me and my Team comfortable to own all Petfood activities related to the acquisition from now on. As a consequence, I can confirm that your support transitioning the business will be no longer needed after august, 31st.

Wishing you all the best in your future endeavors.

Cheers

Yannick

**Yannick Riou**
General Manager Petfood

M +1 312 841 8440
dsm-firmenich.com

## dsm-firmenich ●●●



This email, including any attachments, may be confidential and legally privileged. If you are not the intended recipient, please accept our apologies, and please do not disclose, copy, or distribute information in this email nor take any action in reliance on its contents: to do so is strictly prohibited and may be unlawful. Please inform us that this message has gone astray before deleting it. Thank you for your cooperation.

# Exhibit D

ATTORNEY-CLIENT PRIVILEGE

————- Forwarded message ————-
From: **Sergio Della Zassa** <Sergio.DellaZassa@adarebiome.com>
Date: Tue, Sep 5, 2023 at 10:17 AM
Subject: FW: Employment Status at Adare
To: Sergio Della Zassa <sergio.della.zassa@gmail.com>

**From:** Lubin, Josh <Josh.Lubin@dsm.com>
**Sent:** Tuesday, September 5, 2023 2:58 AM
**To:** Sergio Della Zassa <Sergio.DellaZassa@adarebiome.com>
**Cc:** Barker, Gareth <Gareth.Barker@dsm.com>; Isler, Dominique <Dominique.Isler@dsm.com>; Riou, Yannick <Yannick.Riou@dsm.com>
**Subject:** RE: Employment Status at Adare

**[EXTERNAL EMAIL]**

Classified Personnel Information

Dear Sergio

Unfortunately, dsm-firmenich is unable to discuss on your employment agreement/conditions with Adare Pharma Solutions. The attached document is a cross-charge agreement (similar to what we have in place with IT Services with APS), where we have agreed to compensate 50% of your total employment cost during the handover period. As Yannick has communicated, we appreciate your support on the handover and confirmed to APS that all handover activities were fully completed by the end of August.

If you have further questions about your employment conditions, I would recommend you speak directly with Kristen Berkinsky.

Kind Regards

JL

**Josh Lubin**
Global Head Human Resources - Health, Nutrition & Care (HNC)
M +41 78 759 83 30

This email, including any attachments, may be confidential and legally privileged. If you are not the intended recipient, please accept our apologies, and please do not disclose, copy, or distribute information in this email nor take any action in reliance on its contents: to do so is strictly prohibited and may be unlawful. Please inform us that this message has gone astray before deleting it. Thank you for your cooperation.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

|  |  |  |
|---|---|---|
| Sergio Della Zassa | : | CIVIL ACTION |
| v. | : | |
| | : | |
| Adare Pharmaceuticals, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X )

| | | |
|---|---|---|
| 11/3/2023 | _[signature]_ | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___709 Haviland Drive, Bryn Mawr, PA 19010_____

Address of Defendant: __7722 Dungan Road, Philadelphia, PA 19111_____

Place of Accident, Incident or Transaction: __Defendant's place of business_____

---

*RELATED CASE, IF ANY:*

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐     No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐     No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐     No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐     No ☒

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___11/3/2023_____     _____     ___ARK2484 / 91538___
                                                        *Attorney-at-Law / Pro Se Plaintiff*                     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.  Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☒ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

*B.  Diversity Jurisdiction Cases:*

☒ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf_____ , counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: ___11/3/2023_____     _____     ___ARK2484 / 91538___
                                                        *Attorney-at-Law / Pro Se Plaintiff*                     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DELLA ZASSA, SERGIO

**(b)** County of Residence of First Listed Plaintiff   Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

ADARE PHARMACEUTICALS, INC.

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

1  U.S. Government Plaintiff

2  U.S. Government Defendant

3  Federal Question *(U.S. Government Not a Party)*

X  4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | X 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

### REAL PROPERTY
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

### CIVIL RIGHTS
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

### LABOR
- 710 Fair Labor Standards Act
- X 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

### IMMIGRATION
- 462 Naturalization Application
- 465 Other Immigration Actions

### BANKRUPTCY
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

### SOCIAL SECURITY
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

### FEDERAL TAX SUITS
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

X 1 Original Proceeding
2 Removed from State Court
3 Remanded from Appellate Court
4 Reinstated or Reopened
5 Transferred from Another District *(specify)*
6 Multidistrict Litigation - Transfer
8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28USC1332

Brief description of cause:
Violations of the the PA Wage Payment and Collection Law, 43PS260.1 and PA Common Law.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    X Yes    No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE   11/3/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

Print     Save As...     Reset